

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-5153
Re: Whether or not a public weigh-
er appointed under Article 5692,
Vernon's Annotated Civil Statutes,
should be confirmed by the Senate
before the issuance of commission
by the Secretary of State.

Your letter of March 20, 1943, requesting the opinion of this department on the above stated matter reads in part as follows:

"You are respectfully requested to advise this Department upon the following inquiry:

"' Should a Public Weigher appointed under Article 5692, R.C.S. 1925, be confirmed by the Senate of Texas after appointment by the Governor and before the issuance of a commission to such officer by the Secretary of State?'

". . . ."

Article 5692, Vernon's Annotated Civil Statutes, provides:

"In all counties of this State in which there are two or more cities, towns or shipping points that receive as much as fifty thousand bales of cotton, or twenty-five tons of cotton seed, or one hundred thousand bushels of grain, or two hundred thousand bushels of rice, or one hundred thousand pounds of wool, or five thousand barrels of sugar, or any other commodity in large quantities, it shall be lawful for the Governor to appoint a sufficient number of weighers for such county to carefully and accurately weigh all commodities tendered for the purpose of weighing for shipment, sale or purchase. This article shall not apply to Galveston and Nueces counties. All such appointments shall be made by the Governor on the recommendation of the Senator from whose senatorial district such appointment is made, together with a majority of the representatives in the Legislature from such senatorial district.

No man shall be appointed unless he shall receive
the endorsement of the Senator and a majority of
the representatives from such district. Every pub-
lic weigher so appointed shall file a bond payable
to the State of Texas, in the sum of five thousand
dollars, conditioned that he will accurately weigh,
or measure, all commodities tendered to him in said
county for weighing or measuring, and that all cer-
tificates of weight issued by him shall represent a
true and accurate weight of such produce so weighed,
and otherwise complying with the law governing the
conditions of bonds required of public weighers.
Such bond so given shall not be void upon first re-
covery but may be sued on successively by any and
all persons who are injured by such public weigher.
Such public weigher shall have the right to appoint
a sufficient number of deputies to aid him in weigh-
ing or measuring any commodity that is tendered to
him for weighing. All bonds given by such public
weighers or their deputies shall be subject to the
approval of the Commissioner of Markets and Warehous-
es, and all bonds and oaths of such public weighers
or their deputies shall be filed with said Commis-
sioner."

In determining the above stated question it is necessary to
determine whether or not the public weighers appointed under said stat-
ute are state or district officers as contemplated by Article 4, Sec-
tion 12 of the State Constitution. If the public weighers appointed
by virtue of Article 5692 are state or district officers then the appoint-
ment of such public weighers would require confirmation by the Senate
under the Constitution. It is stated in the case of Denison v. State,
61 S.W. 1017 (error refused, 61 S.W. (2) 1022) that

"The clear import, language, and requirement
of the Constitution is that any and every appoint-
ment by the Governor to fill a vacancy in a state or
district office must be with the advice and consent
fo two-thirds of the Senate  as in said Section 12
provided.  . . ."

If such public weighers are not state or district officers as
contemplated by Article 4, Section 12, of the Constitution, then their
appointment would not require the confirmation of the Senate required
by the Constitution. (State ex rel. Penden v. Valentine, 198 S.W. 1006).

It cannot be determined without great difficulty whether or not
the public weighers here involved are state or district officers as con-
templated by Article 4, Section 12, of the Constitution.

We quote from the case of Lane v. McLemore, 160 S.W. 1073, as follows:

". . . The question, who are state officers? has often been judicially answered. Thus in Volume 36, Cyc. pp. 852, 853, it is said:

"' State officers are those whose duties concern the state at large, or the general public, although exercised in defined limits, and to whom are delegated the exercise of a portion of the sovereign power of the state. They are in a general sense those whose duties and powers are co-extensive with the state, or are not limited to any political subdivision of the state. . . '

" And on page 854:

"' The term "state officer" has been held to be as a general rule applicable only to those superior executive officers who constitute the heads of the executive departments of the state, or such as belong to one of the three constituent branches of the state government.'

"In American & English Encyclopedia of Law, Vol. 23, page 327, it is said:

"' In a popular sense a state officer is one whose jurisdiction is coextensive with the state. In a more enlarged sense a state officer is one who receives his authority under the laws of the state and performs some of the governmental functions of the state.'

"The Constitution of South Dakota contains a provision to the effect that the Governor and all other state and judicial officers, except county judges, justices of the peace, and police magistrates, shall be liable to impeachment, and that all officers not liable to impeachment shall be subject to removal for certain causes in such manner as may be provided by law. A question arose before the Supreme Court of that state as to whether a member of the board of trustees of one of the educational institutions of the state was a state officer within the meaning of the Constitution, so that he was removable only by impeachment. In deciding the question in the negative the court says:

"' We are of the opinion that the term "state
officer," as used in said section, includes only
such general officers as immediately belong to
one of the three constituent branches of the
state government ' . . ." (Citing several author-
ities).

It is stated in Texas Jurisprudence, Vol. 34, page 377:

"It is constitutional and statutory law that all
vacancies in state or district offices, except
that of membership in the Legislature, shall be
filled unless otherwise provided by law, by appoint-
ment by the Governor, with the advice and consent
of the Senate. . . ." (Constitution, Article 4,
Section 12; Article 19, Vernon's Annotated Civil
Statutes).

We quote further from Texas Jurisprudence, Vol. 34, page 334,
as follows:

"In a popular sense a state officer is one whose
jurisdiction, duties and functions are coextensive
with the State; but in a larger sense he is one who
receives his authority under state laws and performs
some of the governmental functions of the State. In
this sense officers may be state officers though
their jurisdiction or powers are confined to the lim-
its of the county or even to one of its political
subdivisions. The term is generally used in the
Constitution and statutes in its popular sense as
including only those officers whose duties and
functions are coextensive with the boundaries of the
State, or such general officers as immediately be-
long to one of the three constituent branches of the
state government. But it may refer to the character
of the office rather than to its territorial extent
or whether the office is one for which the whole
state votes or merely some subdivision thereof, such
as a district or county. The Comptroller of Public
Accounts, police officers and policemen, and the
health officers of a city, are state officers. A
district attorney is both an officer of the State
and an officer of the court. But a commissioner of
deeds is not a civil officer of the State, since he
is not required to reside therein.

"Because an officer is called a county officer it
does not follow that his functions are exercised

for the county. Most county and district officers perform state functions and are, in a sense, officers of the State. Thus the officers named in the maximum fee law, though called county officers, are in fact state officers. But officers functioning in counties and districts are not within the statute authorizing the Supreme Court to issue writs against the officers of the state government. Directors of an irrigation district are county officers, and county judges are county and not state officers. Justices of the peace are also county officers; but when acting ex officio as coroner and conducting an inquest a justice acts for the State and not the county and is to all intents and purposes a state officer.

". . . Members of the board of trustees of an independent school district are neither state officers nor members of a state board. Trustees of an independent or common school district in a county under general law, as distinguished from those of a city assuming control of its schools, are county officers. But members of the board of education of a city, which derives its existence and all of its authority from the city charter, are city and not county officers.

". . . A branch pilot appointed under the state law is an officer of the State, though he is prohibited from acting as a pilot on certain vessels unless he has a license issued under the provisions of the Federal law."

Article 5680, Vernon's Annotated Civil Statutes, defines a public weigher as follows:

"Any person engaged in the business of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce or article is based, shall be known as a public weigher, . . ."

It is stated in Texas Jurisprudence, Vol. 38. page 528:

"In a certain sense all persons holding public office within the State or performing some of its governmental functions are 'officers of the State;' but the term is generally used in the Constitution and statutes as

including only those officers whose jurisdiction
is coextensive with the boundaries of the State,
or such general officers as immediately belong to
one of the three constituent branches of the state
government.  Accordingly it has been held that a
county treasurer is not a state officer within the
meaning of the statute authorizing the Supreme Court
to issue writs of mandamus against 'any District
Judge or officer of the State government;' that a
county judge is not a state officer within the mean-
ing of the constitutional provision (art. 4, s 12)
requiring appointees to vacancies in state offices
to be confirmed by the Senate; . . ."

We quote from Ruling Case Law, Vol. 28, page 5 as follows:

"In order to provide for the proper enforcement of
statutes relating to weights and measures, provisions
are frequently inserted therein creating certain of-
fices and imposing on the incumbents thereof certain
specified duties.  Legislation of this character, as
for instance where it requires commodities to be
weighed by the public weigher, is regarded as within
the police power of the State, and as not violating
any common right.  So it has been decided that a
statute providing for the weighing of grain by a state
weighmaster and making it unlawful for any private in-
dividual to issue a weight certificate is a valid exer-
cise of the legislative power.  The power of such legis-
lation is to secure fair weights for all parties concern-
ed and to protect both the seller and the public."

For other definitions of state and county officers we refer you
to American Jurisprudence, Vol. 42, page 895; Ruling Case Law, Vol. 22,
page 386; and Article 22, Vernon's Annotated Civil Statutes.

We have been unable to find any opinion by the appellate courts
of this state or any other state passing upon the question whether or
not a public weigher who is appointed by the Governor is a state or dis-
trict officer or a county or precinct officer as those terms are general-
ly defined and understood.  However, taking into consideration the gener-
al definition of state officers and the definitions of other officers
as heretofore discussed, it is out opinion that public weighers appointed
under Article 5692, Vernon's Annotated Civil Statutes are not state or
district officers as contemplated by Article 4, Section 12, of the State
Constitution or Article 22 of Vernon's Annotated Civil Statutes.  There-
fore, it is the opinion of this department that the appointment of such

Honorable Sidney Latham, Page 7 (O-5153)


public weighers does not require the confirmation of the State Senate.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/ Ardell Williams
Ardell Williams
Assistant

APPROVED APR 12, 1943

s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:mp:egw

This Opinion considered and Approved in limited conference.